**ADVANCED GRAPHIC APPLICATIONS, INC.,**
Plaintiff,

v.

**R.R. DONNELLEY & SONS COMPANY, Defendant.**

**No. 90 Civ. 2840 (RPP).**

United States District Court, S.D. New York.

Sept. 25, 1990.

---

Segal & Greenberg, P.C. by Jonathan E. Glaser, New York City, for plaintiff.

Sidley & Austin by Harold M. Weidenfeld, New York City, for defendant.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Defendant R.R. Donnelley & Sons Company (Donnelley) moves to transfer this action for a declaratory judgment to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). The action arises out of a purchase, maintenance and license agreement between the parties dated as of September 9, 1988 pursuant to which plaintiff Advanced Graphic Applications, Inc. (AGA) was to provide Donnelley with certain computer hardware and software utilizing AGA "optical drive system." AGA's principal place of business is in Manhattan and Donnelley's is in Chicago, Illinois. There is no dispute that AGA failed to complete a segment of the software required under the contract. Plaintiff claims that its non-performance is excused due to a force majeure provision which excuses non-performance "due to causes beyond its control and not occasioned by the fault or negligence of such party ... including ... unforeseeable strikes ..." and which plaintiff claims applies to a "walkout" by its engineers in 1989. Plaintiff also maintains that Donnelley is claiming "consequential damages" which are not permitted under the agreement. Donnelley denies plaintiff has any excuse for its non-performance and states its damages are not "consequential" but "incidental."

The affidavits in support and in opposition to the motion are devoted in very large part to the issue of whether or not a race to this Courthouse should be countenanced. It does appear that plaintiff filed its action in New York Supreme Court, from which it was removed by defendant, in order to preempt defendant's filing of an action for breach of contract in Cook County, Illinois. Well prior to the initiation of the litigation, defendant had sought a settlement of its claims by letter in response to which plaintiff's attorneys stated by letter the defenses stated above. Defendant's attorney then responded that he had researched the validity of plaintiff's defenses and rejected them. He enclosed a draft complaint. Plaintiff then filed this action. Defendant claims the enclosure of the draft complaint was an invitation to further negotiations. Plaintiff claims it was a signal of no flexibility by defendant.

Although preemptive filing is of weight in many such motions, the Court declines to resolve that issue and will treat the motion as an ordinary one under 28 U.S.C. § 1404(a).

Here defendant argues that the convenience of the parties favors transfer. It points out that equipment and software were to be delivered, used and maintained in Chicago, and that the plaintiff's employees were to be engaged in large part in Chicago. The plaintiff responds that the services in creating the software were performed and were to be performed in New York. Each claims that the convenience of the witnesses and parties favors jurisdiction in its place of business in that the events in issue took place there, and that the cost of trial in a jurisdiction other than its principal place of business weighs heavily in its favor.

The Court, having reviewed the contract and the claims of both parties, is of the opinion that the matter should be settled after very limited discovery, if any. Nevertheless it decides this motion on the assumption that the case will go to trial. As framed by the pleadings, the only issues for trial by the parties are:

1. Whether the "walkout of the engineers" constitutes an "unforeseeable strike," not occasioned by the fault or negligence of plaintiff;

2. Whether the damages claimed by defendant are "consequential" within the meaning of the agreement; and

3. The amount of such damages.

Taking these issues up in reverse order, the proof of damages will require the testimony of defendant's employees and records in Illinois regarding the extent of plaintiff's hardware and software installed in Illinois, as well as testimony from employees of the company which defendant hired in place of plaintiff to perform the remainder of the contract. In view of plaintiff's acknowledgment of its failure to perform the third phase of the contract, plaintiff will be required to call few, if any, witnesses at trial on the issue of the amount of defendant's damages. A representative of plaintiff may be required to be present at the trial, however, to assist in counsel's evaluation of defendant's and third-party testimony relating to the necessity of the work required of the company hired to complete the project and to assist counsel in the issue of mitigation of damages. On the issue of damages, the convenience of parties favors defendant.

With respect to the issue of the meaning of the contractual term "consequential damages," plaintiff has offered a memorandum of law, but no affidavits from witnesses that this term had a meaning other than its normal meaning. If such witnesses are offered by the parties, they would be the negotiators for the parties, i.e., from Illinois for defendant and from New York for plaintiff. The Court does not believe the testimony on this subject would be extensive or require many witnesses, and finds neither side has shown this issue weighs in its favor.

With respect to the issue raised by plaintiff as to whether the walkout of engineers was unforeseeable and not occasioned by the fault or negligence of plaintiff, this issue should be resolved prior to trial by depositions of plaintiff's former engineers. If trial is necessary on this issue, however, the convenience of witnesses favors the plaintiff on this issue.

In the light of the above and weighing the overall convenience of the parties and witnesses and the interests of justice,[1] the Court grants the motion for change of ven-ue. The case is hereby transferred to the Northern District of Illinois.

IT IS SO ORDERED.

---

1. The Court notes that civil cases in both Districts are disposed of in a similar time span.